IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CECIL MATHEWS,

      Plaintiff,

v.                                  CASE NO. 5:15-cv-8-RH-GRJ

LAUREN DAVIS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Jefferson Correctional Institution, commenced this civil rights action pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis*. This case is before the Court on Defendants' partial motion to dismiss, asserting that Plaintiff's claims against Defendants in their official capacity for damages and Plaintiff's claims for punitive damages should be dismissed. (ECF No. 35.) Plaintiff has filed a response and the motion is now ripe for review. (ECF No. 38.) For the reasons discussed below, the Court concludes that Defendants' motion to dismiss is due to be granted to the extent outlined below.

## I. BACKGROUND

The allegations in Plaintiff's Complaint stem from an incident that occurred at Northwest Florida Reception Center Annex, where Plaintiff was previously incarcerated. Plaintiff claims that Defendants Davis and Bellamy conspired to issue him a false disciplinary report in retaliation for Plaintiff's filing of grievances against the library and against Defendant Bellamy.

Plaintiff claims that another inmate was called as a witness and was threatened

by Defendant Bellamy with losing his job if he gave a written statement stating that Defendant Davis was lying.  Plaintiff claims that denial of witnesses violates his right to due process.

Plaintiff says that the first time he ever spoke with Defendant Davis was in January, two months after the incident in the disciplinary report occurred.  Plaintiff attaches the disciplinary report to his Complaint.

The incident in the disciplinary report is summarized as follows.  Plaintiff entered the library at 10:06 a.m., while the library was closed.  Defendant Davis told Plaintiff to leave because the library was closed and he missed his call out.  Plaintiff became loud and disorderly, and Defendant Davis told him he needed to leave.  Plaintiff stated "that's bullshit, I'm gonna sign in to prove that I was in here."  Defendant Davis then called for assistance from security, and then Plaintiff complied.  Defendant Davis notified the shift supervisor, who authorized the disciplinary report.  As a result, Plaintiff was placed in administrative confinement.

Plaintiff seeks nominal damages, a declaratory judgment that Defendants violated his constitutional rights, the "question of punitive damages" to be sent to a jury, and reimbursement of the filing fee.  (ECF No. 34 at 7-10.)

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Invs. v. Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds* by *Iqbal).*

### III. DISCUSSION

Defendants request the Court to dismiss Plaintiff's claims against them in their official capacities because they are subject to Eleventh Amendment immunity from Plaintiff's request for monetary relief.  Second, with respect to Plaintiff's claim for punitive damages, Defendants request the Court to dismiss this claim because under the Prisoner Litigation Reform Act ("PLRA") Plainitff cannot recover either

compensatory or punitive damages without a showing of a physical injury or commission of a sexual act.

     With regard to Plaintiff's official capacity claims the law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, under the Eleventh Amendment, when state officials are sued for damages in their official capacity, the state officials are immune from suit in federal court.  *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).

     In his response, Plaintiff says that he is not suing Defendants in their official capacity but only in their individual capacities.  Because Plaintiff concedes that he is not suing Defendants in their official capacity, there is no justiciable issue and Defendants' motion to dismiss Plaintiff's claim for damages against Defendants in their official capacity is due to be denied as moot.

     Defendants also argue that Plaintiff's claim for punitive damages must be dismissed.  Under the PLRA, a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen*  502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)). The PLRA does not preclude an award of nominal damages if a plaintiff establishes the violation of a constitutional right. *Brooks v. Warden*, ___ F.3d___, 2015 WL 5157339 *10-*11 (11th Cir. 2015); *Smith*, 502 F.3d at 1271 (citing *Carey v. Piphus*, 435 U.S. 247, 255 (1978)).

In this case, Plaintiff has alleged no physical injury in connection with his retaliation claims.  Plaintiff additionally states in his response "I am not seeking punitive damages in the complaint itself so there is nothing to dismiss."  (ECF No. 38 at 2.)  Accordingly, because there are no allegations in the complaint concerning physical injury and Plaintiff advises that he is not seeking punitive damages,[1] Plaintiff's claim for punitive damages is due to be dismissed.  Plaintiff may, however, recover nominal damages upon showing a violation of his constitutional rights.

### III. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (ECF No. 35) should be **GRANTED IN PART** to the extent that Plaintiff's claims for punitive damages against Defendants in their individual capacities should be **DISMISSED**; and that in all other respects, Defendants's motion to dismiss should be **DENIED.**

**IN CHAMBERS** this 6th day of October 2015.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[1]In his Complaint, Plaintiff next states that "I may have prematurely asserted my intention to request the jury to consider punitive damages at trial but that is not a controversy until that time and not a dispute to be settled now that should interfere with this complaint moving forward."  From this assertion, it appears that Plaintiff believes he can raise the issue of punitive damages at trial.  However, a dismissal of his claim for punitive damages at this stage, without any amendment to add a punitive damages claim, would preclude Plaintiff from requesting punitive damages at trial, if this case were to reach that stage.

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**