IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CECIL MATHEWS,

     Plaintiff,

v.                            CASE NO. 5:15-cv-8-RH-GRJ

LAUREN DAVIS, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 59, Defendants' Motion for Summary Judgment. Plaintiff has filed a response in opposition to Defendants' motion for summary judgment. (ECF No. 74.) The motion is, therefore, ripe for review. For the reasons explained below, the Court recommends that Defendants' motions be granted.

## I.  INTRODUCTION

Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC"), is proceeding *pro se* pursuant to 42 U.S.C. § 1983. (ECF Nos. 34 ("Compl."); 59-2.) Plaintiff's claims against Defendants center around an incident that occurred at Northwest Florida Reception

Center Annex ("NWFRC Annex") while Plaintiff was incarcerated there.

(Compl.) Plaintiff argues that Defendants Lauren Davis and Arleen Bellamy

conspired to issue a false disciplinary report in retaliation for Plaintiff's filing

of grievances against the library where Defendant Davis worked and other

grievances involving Defendant Bellamy. (*Id*. at 5.) Plaintiff also claims that

Defendant Bellamy threatened an inmate who was going to act as

Plaintiff's witness, thus violating Plaintiff's right to due process. (*Id.* at 5–6.)

Defendants Davis and Bellamy filed a motion for summary judgment,

arguing three grounds: (1) Defendants are entitled to qualified immunity,

(2) Plaintiff cannot prove a violation of his due process rights surrounding

his disciplinary hearing, and (3) Plaintiff is foreclosed from bringing a

retaliation claim because he received due process at his disciplinary

hearing. (ECF No. 59.)

In support of Defendants' motion, they submitted the disciplinary

report (ECF No. 59-3 ("DR")); declarations from Defendant Davis (ECF No.

59-5 ("Davis Decl.")), Defendant Bellamy (ECF No. 59-11 ("Bellamy

Decl.")), Daniel Dolcater (ECF No. 59-6 ("Dolcater Decl.")), Keithon Stanley

(ECF No. 59-7 ("Stanley Decl.")), Scotty Diaz (ECF No. 59-8 ("Diaz

Decl.")), and Filo Turner (ECF No. 59-15 ("Turner Decl.")); grievance

packets (ECF Nos. 59-9, 59-10); the disciplinary investigative report (ECF No. 59-12); the witness disposition and witness statements log (ECF No. 59-13); the documentary and physical evidence disposition log (ECF No. 59-14); and the disciplinary report hearing information sheet. (ECF No. 59-16.)

Plaintiff subsequently filed his response in opposition to Defendants' motion for summary judgment. (ECF No. 74.) With Plaintiff's response, he included his request for admission from Turner (ECF No.74 at 12–14); Turner's response to the request for admission (ECF No. 74 at 15–16); Turner's declaration (Turner Decl.); an additional, handwritten declaration of Turner (ECF No. 74 at 21–22); Turner's voluntary refusal (ECF No. 74 at 24); Plaintiff's declaration (ECF No. 74 at 26–29 ("Plaintiff's Decl.")[1]; and a copy of the disciplinary report (DR.).

Although Plaintiff attached multiple items to his response, Plaintiff has not provided any affidavits, declarations, or records that support his version of the facts apart from his own signed declaration regarding the

---

[1] While the declaration attached to Plaintiff's response is unsworn, Plaintiff has submitted a sworn declaration to the Court to supplement his amended response to Defendants' motion for summary judgment. (ECF No. 80 at 1–3.)

alleged false disciplinary report.[2] Pursuant to Fed. R. Civ. P. 56(c),

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Furthermore,

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In this case, Plaintiff has not submitted any sworn affidavits aside

---

[2] Although Plaintiff did not submit more affidavits or declarations, Defendants included the witness disposition and witness statement log from the investigation surrounding Plaintiff's disciplinary report. (ECF No. 59-13.) Included in this log is Plaintiff's signed statement regarding the disciplinary report. (*Id.*) This also tells Plaintiff's version of the story. (*Id.*)

from his own declaration in opposition to summary judgment.[3] Further, his

declaration failed to address all parts of the motion for summary judgment;

he did not include anything regarding his due process claim. 28 U.S.C. §

1746 provides, however, that

> [w]herever, under any . . . rule, . . . any matter is required or
> permitted to be supported, evidence, established, or proved by
> the sworn declaration, verification, certificate, statement, oath,
> or affidavit, in writing of the person making the same . . . such
> matter may, with like force and effect, be supported, evidence,
> established, or proved by the unsworn declaration, certificate,
> verification, or statement, in writing of such person which is
> subscribed by him, as true under penalty of perjury, and dated .
> . . .

Although Plaintiff does not fully address all aspects of Defendants'

motion for summary judgment in his response and declaration, Plaintiff's

fourth amended complaint is signed under penalty of perjury. (ECF No. 34.)

Thus, the Court can properly treat Plaintiff's complaint like a sworn

affidavit. *See Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir.

1992) ("[T]his Court has recognized that facts alleged in an inmate's sworn

---

[3] Plaintiff was advised that "all material facts asserted in [a] motion [for summary judgment] will be considered admitted unless controverted by proper evidentiary materials (e.g., Plaintiff's sworn counter-affidavit, other witnesses' sworn counter-affidavits, depositions, exhibits, etc.)," and that "Plaintiff may not rely solely on the allegations of the issue pleadings (e.g., complaint, answer, etc.) in opposing the summary judgment motion." (ECF No. 60.)

pleading are sufficient [to defeat a properly supported motion for summary

judgment] and that a separate affidavit is not necessary."). The Court may,

therefore, consider Plaintiff's sworn allegations in his fourth amended

complaint in ruling on the motion for summary judgment in addition to the

other filings before the Court.

## II.  EVIDENCE

Plaintiff previously was incarcerated at NWFRC Annex.[4] (DR.) On

November 20, 2014, he entered the law library at 10:06 a.m., when the

library was closed. (DR; Davis Decl.; Dolcater Decl.; Stanley Decl.; Diaz

Decl.; ECF Nos. 59-12, 59-13.) Upon entry, Defendant Davis told Plaintiff

to leave because the library was closed and he missed his call out. (DR;

Davis Decl.; Dolcater Decl.; Stanley Decl.; Diaz Decl.; ECF Nos. 59-12, 59-

13.) Rather than listening to Defendant Davis and leaving the law library,

Plaintiff approached the counter where the clipboard to sign-in was located

and attempted to sign in. (Davis Decl.; Dolcater Decl.; Stanley Decl.; Diaz

Decl.; ECF No. 59-9.) Dolcater, a law clerk trainee at the library, took the

clipboard before Plaintiff could finish signing in. (Davis Decl.; Dolcater

---

[4] Although Plaintiff was incarcerated at NWFRC Annex at the time of the alleged incident, he is currently incarcerated at Jefferson Correctional Institute. (Compl.; ECF No. 59-2.)

Decl.; Stanley Decl.; Diaz Decl.)

Plaintiff became loud and disorderly, at which point Defendant Davis again told Plaintiff to leave. (DR; Davis Decl.; Dolcater Decl.; Stanley Decl.; Diaz Decl.)  Plaintiff said, "That's bullshit, I'm gonna sign in to prove that I was in here." (DR; Davis Decl.) Defendant Davis then called for assistance from security, and Plaintiff finally complied with Defendant Davis's instructions to leave. (DR; Davis Decl.; Dolcater Decl.; Stanley Decl.; Diaz Decl.) Security picked up Plaintiff after he left the library. (Davis Decl.; Dolcater Decl.; Stanley Decl.; Diaz Decl.) Defendant Davis notified the shift supervisor, who authorized the disciplinary report. (DR; Davis Decl.)

Multiple individuals were present at the time of this incident to witness what occurred. The witnesses include Dolcater, Turner, Stanley, and Diaz—each working in the law library at the time of the incident. (Dolcater Decl.; Turner Decl.; Stanley Decl; Diaz Decl.) Dolcater, Stanley, and Diaz all signed declarations describing the incident. (Dolcater Decl.; Stanley Decl.; Diaz Decl.) Turner, although he originally refused to give a statement regarding the incident, ECF No. 74 at 24, later affirmed Defendant Davis's statements in the disciplinary report. (ECF No. 76-1.)

Following the issuance of the disciplinary report, there was an

investigation and a disciplinary hearing. (Bellamy Decl.; ECF Nos. 59-12,

59-13, 59-16.) On November 24, 2014, at around 7:45 a.m., Defendant

Bellamy delivered to Plaintiff a copy of his disciplinary report and discussed

the investigation surrounding the incident. (DR; Bellamy Decl.; ECF No. 59-

12.) Defendant Bellamy informed Plaintiff that his hearing would be the

following day and offered staff assistance for dealing with the case.

(Bellamy Decl.) Plaintiff told Defendant Bellamy that he did not require staff

assistance, had no evidence to present, and that Turner should be

interviewed to provide testimony on Plaintiff's behalf. (DR; Bellamy Decl.;

ECF Nos. 59-12, 59-13.)

In accordance with Plaintiff's request, Defendant Bellamy met with

Turner. (Bellamy Decl.; ECF No. 59-13; Turner Decl.) Turner told

Defendant Bellamy that he did not wish to provide a statement on behalf of

Plaintiff. (Bellamy Decl.; ECF No. 59-13; Turner Decl.) Further, Turner

signed a voluntary refusal to provide a statement. (ECF Nos. 59-13, 74 at

24.)

Plaintiff's disciplinary hearing was held on November 25, 2014, at

around 9:50 a.m. (DR; ECF No. 59-16.) Although Plaintiff pled not guilty,

Plaintiff was found guilty of disorderly conduct at the disciplinary hearing.

(DR; ECF No. 59-16.) Plaintiff's guilty finding was based on witness statements, verbal statements made at the hearing, Defendant Davis's statement in the disciplinary report, and Defendant Bellamy's investigation. (DR; ECF No. 59-16.) As a result of the finding of guilt, Plaintiff received 30 days' disciplinary confinement. (DR; ECF No. 59-16.)

Plaintiff challenged the finding of the disciplinary hearing, but the finding has not been overturned. (ECF Nos. 59-9, 59-10.) Plaintiff then filed the complaint in the instant case. (Compl.)

Plaintiff's version of events—as asserted in the complaint, his witness statement, and his signed declaration—differs from the version stated above. According to Plaintiff, the disciplinary report issued by Defendant Davis is false.[5] (Compl. at 5; Plaintiff Decl. ¶ 3; ECF 59-13.) Plaintiff says that he entered the library, tried to sign before the clipboard was taken from him, informed Turner that he had a nurse callout and to let Defendant Davis know, and then left. (ECF No. 59-13.) Plaintiff says that Defendant Davis never asked him to leave the library; she only told him the

---

[5] In Plaintiff's witness statement he stated that Turner would verify that the disciplinary report is false. (ECF No. 59-13.) Turner, however, never affirmed Plaintiff's version of the facts. To the contrary, he affirmed Defendant Davis's disciplinary report. (ECF No. 74 at 15–16.)

library was closed. (Plaintiff Decl. ¶ 6.) Plaintiff also says that he was not

behaving in the way described in the disciplinary report nor did he say the

things that Defendant Davis alleges in the disciplinary report. (Plaintiff

Decl. ¶¶ 7–17.) Plaintiff claims that Defendant Davis never left her office

and that the only individual present who would have knowledge of what

occurred was Turner. (Plaintiff Decl. ¶¶ 4, 18–19; ECF No. 59-13.) Plaintiff

says that he received this false disciplinary report because of grievances

he filed against the library where Defendant Davis worked and other

grievances involving Defendant Bellamy. (Compl. ¶¶ 2, 10–13.)

Furthermore, Plaintiff also claims that he was denied due process

following this disciplinary report. Plaintiff states that he called Turner as a

witness for his disciplinary hearing. (Compl. ¶ 6.) Plaintiff states that Turner

told him that Defendant Bellamy threatened Turner with the loss of his job

if he provided a written statement about Defendant Davis lying.[6] (Compl. ¶¶

---

[6] In Plaintiff's amended response to Defendants' motion for summary judgment,
Plaintiff alleges that Turner's signature on Plaintiff's request for admission—verifying
the validity of Defendant Davis's disciplinary report—is a forgery. (ECF No. 74 ¶¶ 1, 4.)
Plaintiff then argues that because a forgery exists, it undermines his entire case and
warrants the dismissal of Defendants' motion for summary judgment. (*Id.* ¶ 15.) He then
alleges the falsity of other witnesses' declarations. (*Id.* ¶¶ 20, 23.) Notably, Plaintiff
offers no evidentiary support for these claims.

Defendants, however, produced evidence that directly contradicts Plaintiff's
assertions. Specifically, Defendants' filed a signature verification by Turner that
conclusively shows not only that Turner's signature is not a forgery, but also that Turner

6-7.) Thus, Plaintiff asserts that he was denied witnesses, as Defendant Bellamy allegedly has a habit of doing. (Compl. ¶ 8.)

Notably, Plaintiff is the only individual that tells the facts in this way. The witnesses all affirm Defendant Davis's version of the incident. (Dolcater Decl.; Stanley Decl.; Diaz Decl.; Turner Decl.; ECF No. 74 at 15–16.) Further, Defendant Davis attests that she "did not issue disciplinary report log # 125-141281 based on the grievances filed by Mr. Mathews. . . . [She] issued the disciplinary report based solely on the actions taken by Mr. Mathews on November 20, 2014 and his refusal to leave the Law Library." (Davis Decl. ¶ 8.) Defendant Bellamy attests that she met with Turner, who voluntarily refused to provide a statement on behalf of Plaintiff. (Bellamy Decl. ¶ 5; ECF Nos. 59-13, 74 at 24.) Turner even asserts that he "was not coerced, threatened or otherwise enticed in to not making a statement, [he] chose to not make a statement." (Turner Decl.) Only Plaintiff asserts that there was an act of retaliation and a denial of due process. Yet he fails to provide support for such allegations apart from his own complaint and declaration, each of which lack any credible or verified evidence.

---

affirms Defendant Davis's disciplinary report. (ECF No. 76-1.)

## III.  SUMMARY JUDGEMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), the entry of summary judgment is appropriate when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987).

The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785–86 (11th Cir. 2005).

> In civil actions filed by inmates, federal courts must distinguish
> between evidence of disputed facts and disputed matters of
> professional judgment. In respect to the latter, our inferences
> must accord deference to the views of prison authorities.
> Unless a prisoner can point to sufficient evidence regarding
> such issues of judgment to allow him to prevail on the merits,
> he cannot prevail at the summary judgement stage.

*Beard v. Banks,* 548 U.S. 521, 530 (2006). Conclusory allegations based

on subjective beliefs are insufficient to create a genuine issue of material

fact. *See, e.g., Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d

1275, 1279 (11th Cir. 2001).

The Court must view the evidence and inferences drawn from the

underlying facts in the light most favorable to the non-movant. *Earley v.*

*Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). But, "when

opposing parties tell two different stories, one of which is blatantly

contradicted by the record, so that no reasonable jury could believe it, a

court should not adopt that version of the facts for purposes of ruling on a

motion for summary judgment." *Morton v. Kirkwood*, 707 F.3d 1276, 1284

(11th Cir. 2013) (internal quotations and citations omitted); *see also*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (stating that to

defeat summary judgment "there must be evidence on which the jury could

reasonably find for the plaintiff"). "The nonmovant need not be given the

benefit of every inference but only of every reasonable inference." *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir.1988) ("The summary judgment standard requires that we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.").

## IV.  DISCUSSION

Plaintiff alleges that Defendants Davis and Bellamy conspired against him in an act of retaliation to issue a false disciplinary report and that Defendant Bellamy violated his due process rights by denying him a witness for the disciplinary hearing. (Compl.) Defendants argue that Plaintiff has no claim that Defendants violated his due process rights, and because Plaintiff received due process at his disciplinary hearing, he is foreclosed from bringing a retaliation claim. (ECF No. 59.) Defendants further argue that because there has been no violation of Plaintiff's rights by Defendants— who were acting pursuant to their duties as government officials— they are entitled to qualified immunity. (*Id.*)

### A.    Due Process

Defendants contend that Plaintiff has no due process violation claim against Defendant Bellamy surrounding the disciplinary hearing. (*Id.* at 1,

13–15.) The Court agrees. Plaintiff received all necessary due process for his disciplinary hearing.

The Fourteenth Amendment states, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Prisoners subject to disciplinary proceedings within the prison system, however, are not entitled to the same rights as other citizens. *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974). For those in Plaintiff's position, due process entails "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* at 563–65. Due process also requires that inmates should be permitted to call witnesses and present documentary evidence at disciplinary hearings. *Id.* at 566.

Defendant Bellamy satisfied all the above requirements and thus afforded Plaintiff due process surrounding his disciplinary hearing. First, Defendant Bellamy provided Plaintiff with a copy of Plaintiff's disciplinary report on November 24, 2014, the day before his disciplinary hearing. (DR; Bellamy Decl. ¶ 4.) Defendant Bellamy informed Plaintiff that the disciplinary hearing would be held the following day. (Bellamy Decl. ¶ 4.) Defendant Bellamy also offered staff assistance to Plaintiff, which he

declined. (*Id.*)

Second, there is a written statement of the factfinders from the disciplinary hearing explaining the basis for the decision and the evidence relied upon—written and verbal witness statements, disciplinary forms, and Defendant Davis's statement. (ECF No. 59-16.) Plaintiff does not dispute the provision of either of these due process requirements; instead, he focuses on the third requirement.

According to *Wolff*, Plaintiff was entitled to call witnesses at his disciplinary hearing. *Wolff*, 418 U.S. at 566. Defendant Bellamy asserts that after Plaintiff informed her that he wanted Turner to provide testimony on his behalf, she met with Turner, and he said that he did not want to provide a statement on Plaintiff's behalf. (Bellamy Decl. ¶¶ 4–5.) Turner even signed a voluntary refusal form. (ECF No. 59-13.) Defendant Bellamy attests that she never threatened Turner or any other witness to prevent them from providing testimony at a disciplinary hearing. (Bellamy Decl. ¶ 6.) Turner himself affirms Defendant Bellamy's assertion. (Turner Decl.)

Plaintiff, however, argues that Defendant Bellamy violated his due process rights by depriving him of witnesses for his hearing. (Compl. ¶¶ 4–6.) Plaintiff claims that although he listed Turner as a witness, Turner

informed Plaintiff that Defendant Bellamy threatened him to prevent him from giving a statement against Defendant Davis. (*Id.* ¶ 7.) This statement by Plaintiff is hearsay and is directly contradicted by the record—namely, Turner's declaration.[7] (Turner Decl.)

Plaintiff's fourth amended complaint and declaration are insufficient to establish a violation of due process in this case. Plaintiff is the only individual who states that Defendant Bellamy deprived him of witnesses for his hearing. The fact that he claims Turner told him that Defendant Bellamy threatened Turner into not providing a statement alone does not corroborate Plaintiff's due process claim. His conclusory allegations are not sufficient to create a genuine issue of material fact.

Further, because Turner's alleged statement to Plaintiff is hearsay and contradicted by Turner's sworn declaration, the Court may not consider the hearsay statement for purposes of summary judgment. *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996) ("If, however, the declarant has given sworn testimony during the court of discovery that contradicts the hearsay statement, we may not consider the hearsay

---

[7] Turner's declaration expressly states, "I was not coerced, threatened or otherwise enticed in to not making a statement, I chose to not make a statement at that time." (Turner Decl.)

statement at the summary judgment phase.").

The record clearly contradicts Plaintiff's due process claim about Defendant Bellamy depriving Plaintiff of witnesses for his disciplinary hearing. The contradiction is so apparent that no reasonable jury could believe Plaintiff's version of the story. The Court, therefore, adopts Defendants' version of the facts for the purpose of summary judgment. *See Scott*, 550 U.S. at 380. Accordingly, the Court finds that Defendant Bellamy did not violate Plaintiff's due process rights.

## B.    Retaliation

Defendants also argue that Plaintiff is not entitled to pursue a retaliation claim because he received due process for his disciplinary proceeding, where he was found guilty. (ECF No. 59 at 1, 15–19.) The Court agrees here as well. As discussed above, Plaintiff received all necessary due process prior to his guilty conviction at his disciplinary hearing, and he therefore cannot pursue a retaliation claim against Defendants.

An inmate can state a cause of action for retaliation under 42 U.S.C. § 1983 if the inmate can show that the inmate's grievances caused the prison official's actions against the inmate, such as the issuance of a false

disciplinary report. *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011). An inmate, however, cannot make a retaliation claim when the inmate was found guilty of the underlying conduct of the alleged retaliatory false disciplinary report after receiving due process. *Id.* at 1215. "To find otherwise would render the prison disciplinary system impotent by inviting prisoners to petition the courts for a full retrial each time they are found guilty of an actual disciplinary infraction *after* having filed a grievance." *Id.* at 1216.

Based on the rule in *O'Bryant*, Plaintiff cannot bring a retaliation claim. Plaintiff was found guilty of the disorderly conduct described in Defendant Davis's disciplinary report. (DR; ECF No. 59-16.) Further, as discussed above, Plaintiff received all requisite due process surrounding his disciplinary hearing. Because Plaintiff was found guilty after receiving due process, under Eleventh Circuit precedent he cannot claim that the false disciplinary reports were the result of retaliation by Defendant Davis or Defendant Bellamy.

Even if Plaintiff was not foreclosed from bringing a retaliation claim based on *O'Bryant*, his retaliation claim would fail because Plaintiff has not shown a causal connection between his filing of grievances and the

issuance of the disciplinary report. *See O'Bryant*, 637 F.3d at 1216. In

*Smith v. Mosley*, the court noted that the appropriate inquiry is "whether

the defendants were subjectively motivated to discipline because [the

inmate] complained of some of the conditions of his confinement." 532

F.3d 1270, 1278 (11th Cir. 2008). Prison officials can prevail on summary

judgment in a retaliation claim so long as they can show that they would

have issued the disciplinary report even if the inmate had not filed

grievances. *Id.* at 1278.

Plaintiff failed to offer evidence in support of his allegation that

Defendants conspired to issue a false disciplinary report as a result of the

grievances Plaintiff filed.  The only support Plaintiff offers are his own

conclusory statements alleging retaliation, (Compl., Plaintiff Decl.), which

again are insufficient to create a genuine issue of material fact.

Defendants on the other hand have presented declarations to the contrary.

(Bellamy Decl. ¶ 7 ("I did not retaliate against Mr. Matthews for any reason

or otherwise engage in any retaliatory conduct during the court of my DR

investigation."); Davis Decl. ¶ 8 ("I am aware that Mr. Mathews wrote

grievances regarding certain incidents that he took issue with which have

to do with the Law Library. However, I did not issue disciplinary report log #

125-141281 based on the grievances filed by Mr. Mathews. I did not

retaliate against Mr. Matthews for any reason or otherwise engage in any

retaliatory conduct.").)

Further, because the disciplinary report was approved by Defendant

Davis's supervisor, (DR; Davis Decl. ¶ 7), and because Plaintiff was found

to have acted in a disorderly manner, (DR; ECF No. 59-16), Defendant

Davis was justified in issuing the disciplinary report, regardless of Plaintiff's

previously filed grievances involving Defendant Davis. Defendant Davis

even expressly stated, "I issued the disciplinary report based solely on the

actions taken by Mr. Mathews on November 20, 2014 and his refusal to

leave the Law Library. Mr. Mathews acted in a manner which I believed to

be entirely inappropriate and to qualify him for disciplinary action for the

prison infraction of disorderly conduct." (Davis Decl. ¶ 8.) Nothing Plaintiff

presented, aside from his own conclusory allegations, contradicts

Defendant Davis's statement regarding her reason for issuing the

disciplinary report. Thus, Plaintiff has failed to establish the necessary

causal connection to prevail on a retaliation claim against prison officials.

In sum, Plaintiff is foreclosed from bringing a retaliation claim against

Defendants, but even if he was not foreclosed from bringing a retaliation

claim, Plaintiff would not prevail on the merits.

## C.    Qualified Immunity

Defendants also assert that they are entitled to qualified immunity

with regard to Plaintiff's claims. (ECF No. 59 at 1, 8–13.) The Court agrees.

Because Defendants have not violated any of Plaintiff's constitutional rights

and were acting pursuant to their duties as government officials, both

Defendants are entitled to qualified immunity.

"[G]overnment officials performing discretionary functions generally

are shielded from liability for civil damages insofar as their conduct does

not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800,

818 (1982). To determine whether qualified immunity applies to a

government official performing a discretionary function, a court must

consider two factors: (1) whether the evidence shows that the official's

conduct violated a constitutional right; and (2) whether the right was clearly

established. *Person v. Callahan*, 555 U.S. 223, 236 (2009). A court has the

discretion to address the two prongs in either order. *Id.* "The relevant,

dispositive inquiry in determining whether a right is clearly established is

whether it would be clear to a reasonable officer that his conduct was

unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

The undisputed evidence here demonstrates that Defendants Davis and Bellamy were government officials acting within their discretionary authority. (Davis Decl.; Bellamy Decl.) Defendants were both employees at NWFRC at the time of the incident and thus government officials. "Discretionary authority" includes all actions by a government official that "were undertaken pursuant to the performance of his duties," and were "within the scope of his authority." *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)).

Defendants Davis and Bellamy were acting pursuant to their duties and within the scope of their authority. Defendant Davis, as Law Librarian, acted pursuant to her duties in issuing Plaintiff's disciplinary report as a result of his disorderly conduct within the law library. (Davis Decl.) The disciplinary report was approved by her supervisor. (DR; Davis Decl.) Defendant Bellamy acted pursuant to her duties in investigating Plaintiff's disciplinary report. (DR; Bellamy Decl.) She was authorized to meet with Plaintiff and to meet with Turner regarding providing a statement on Plaintiff's behalf. (DR; Bellamy Decl.; ECF No. 59-12, 59-13, 59-16.)

Consequently, Defendants Davis and Bellamy are entitled to qualified immunity unless Plaintiff can demonstrate that Defendants violated clearly established constitutional rights of which a reasonable person would have known.

Although Plaintiff claims that Defendants violated his First Amendment rights through retaliation and his Fourteenth Amendment rights through a denial of due process, for the reasons discussed above, Defendants did not violate any of Plaintiff's constitutional rights. Plaintiff failed to show that Defendant Davis retaliated against him by issuing a false disciplinary report. Instead, the evidence shows that Defendant Davis acted reasonably given the circumstances in issuing the disciplinary report. Plaintiff also failed to show that Defendant Bellamy denied him a witness or any other requirements for due process surrounding his disciplinary hearing. Because Defendants acted within their discretionary authority and did not violate any of Plaintiff's rights, Defendants are entitled to qualified immunity.

## V.  CONCLUSION

Plaintiff has failed to show that Defendants Davis and Bellamy, violated his First or Fourteenth Amendment rights. Plaintiff's conclusory

allegations are insufficient to create any genuine issue of material fact.
Further, the evidence before the Court contradicts all of Plaintiff's
allegations.

When viewing the evidence in the light most favorable to Plaintiff, no
reasonable jury could conclude that Defendants Davis and Bellamy
retaliated against him or that Defendant Davis violated his due process
rights by depriving him of a witness for his disciplinary hearing. Plaintiff has
failed to demonstrate that a genuine issue of material fact exists regarding
the issuance of the disciplinary report or Plaintiff's receipt of due process
during the subsequent investigation and disciplinary hearing. The evidence
before the Court does not demonstrate a violation of Plaintiff's First or
Fourteenth Amendment rights. Accordingly, Defendants are entitled to
judgment as a matter of law.

## VI.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Motion for Summary Judgment, ECF No. 59, should be
**GRANTED.**

**IN CHAMBERS** this 6th day of October, 2016.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**